IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES C. WARREN,          *

v.               *   CIVIL ACTION NO. CCB-07-1885

L. HOLLINGSWORTH        *
               ******

## MEMORANDUM

Petitioner James C. Warren, presently serving a federal sentence at the Federal Correctional Institution at Cumberland, Maryland, has submitted a *pro se* action captioned as a petition filed pursuant to 28 U.S.C. § 2241. The petition makes clear that Warren is attacking his sentence imposed by the United States District Court for the Eastern District of Virginia.

Although petitioner attempts to cast this application as being filed under 28 U.S.C. § 2241, the gravamen of his petition is that his sentence is illegal because he was not granted a downward departure during sentencing and that he received an enhancement to his sentence due to additional facts introduced at sentencing which he maintains should not have been permitted under the plea agreement. Paper No. 1. The threshold question presented here is whether this claim is properly raised in a § 2241 petition or is more properly construed under 28 U.S.C. §2255. A writ of habeas corpus pursuant to 28 U.S.C. §2241 and a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 are separate and distinct mechanisms for obtaining post conviction relief. A § 2241 petition attacks the manner in which a sentence is executed. *See* 28 U.S.C. §2241(a). By contrast, a §2255 motion challenges the validity of a conviction or sentence, *See In re Jones*, 226 F.3d 328, 332-33 (4th Cir. 2000).

The instant petition clearly challenges the validity of the conviction and is properly construed pursuant to 28 U.S.C. §2255. Regardless of the label used by petitioner, the subject

matter of the motion, and not its title, determines its status. Indeed the typed petition attached to the filing has an Eastern District of Virginia caption, and Warren's handwritten form indicates he has not previously filed a motion under § 2255. A motion to vacate must be brought in the sentencing court, not the court in the jurisdiction wherein petitioner is confined. *See* 28 U.S.C. § 2255; *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973).

For these reasons, the instant action shall be transferred to the appropriate federal court. A separate Order shall be entered in accordance with this Memorandum.

    September 28, 2007                           /s/
  Date                                                Catherine C. Blake
                                                                United States District Judge